IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO STANFORD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 16-1584 |
| ) | Judge Mark R. Hornak |
| v. ) | Magistrate Judge Maureen P. Kelly |
| ) | |
| JOHN WALTON, ERIC SCHWARTZ, ) | |
| STEVEN CMAR, BRAD TOMASELLO, ) | Re: ECF No. 146 |
| GEORGE LOWTHER, DAWN ) | |
| BICKERTON, AMY WIDMAR, ) | |
| WESTMORELAND COUNTY PRISON, and ) | |
| WESTMORELAND COUNTY PRISON ) | |
| BOARD, ) | |
| ) | |
| Defendants. ) | |

## ORDER OF COURT

Presently before the Court is Plaintiff's Response to Defendants' Objections, ECF No. 146, in which Plaintiff seeks an order from this Court directing Defendants to comply with Plaintiff's First Set of Requests for Production of Documents and Interrogatories. On December 6, 2018, in response to a previous Motion to Compel, Defendants represented to the Court that they mailed to Plaintiff that day the discovery responses and documents that he had requested. ECF No. 140. Presumably, Plaintiff is in receipt of those discovery responses and objections lodged therein by Defendants. The Court will construe the instant document as a Motion to Compel; however, the Court is unable to grant relief on the basis of the record before it.

As this Court has explained:

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." …

Rule 37 provides the mechanism to compel discovery from a person or party who refuses to provide discovery. The party moving to compel discovery under Rule

> 37 bears the initial burden of proving the relevance of the material requested. See Morrison v. Phila. Hous. Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001) (citations omitted). If the movant meets this initial burden, then the burden shifts to the person resisting discovery to establish that discovery of the material requested is inappropriate. Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (citation omitted). The person resisting discovery must explain with specificity why discovery is inappropriate; the boilerplate litany that the discovery sought is overly broad, burdensome, oppressive, vague, or irrelevant is insufficient. See Josephs v. Harris Corp., 677 F.2d 985, 991-92 (3d Cir. 1982).

PEG Bandwidth PA, LLC v. Salsgiver, Inc., Civ. A. No. 16-178, 2017 U.S. Dist. LEXIS 108516, at *3-4 (W.D. Pa. July 13, 2017).

Plaintiff has failed to identify any requests or interrogatories to which Defendants objected or offer anything other than a boilerplate statement that "all of his Request & Interrogatories are relevant & essential." ECF No. 146 at 2. Plaintiff has thus failed meet his burden to prove the relevance of the material requested.

AND NOW, this 17th day of January, 2019, IT IS HEREBY ORDERED that Plaintiff's Response to Defendants' Objections, construed as a Motion to Compel, ECF No. 146, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:	The Honorable Mark R. Hornak
United States District Judge

ORLANDO STANFORD
KP 0191
SCI Houtzdale
P.O. Box 1000
Houtzdale, PA 16698